UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE MCCULLOM,<br><br>                    Plaintiff,<br><br>        v.<br><br>PATRICK WITHROW, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-00378-JDP (PC)<br><br>ORDER:<br><br>(1) DIRECTING PLAINTIFF TO FILE A COMPLETE APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR TENDER THE FILING FEE<br><br>(2) SCREENING ORDER THAT PLAINTIFF:<br><br>        (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR<br><br>        (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 5<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a county jail inmate, has filed a complaint that does not comply with Rule 8 of the Federal Rules of Civil Procedure. Additionally, his application to proceed *in forma pauperis* is incomplete.[1] He must either file a complete application or tender the filing fee before this

---

[1] Intermixed with the pages of plaintiff's amended complaint is a copy of his trust fund

1

action can proceed. Additionally, I will give plaintiff leave to amend his complaint.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

account statement. ECF No. 5 at 39-40. Plaintiff has failed, however, to submit the portion of the form that describes what, if any, assets or other sources of income he possesses.

**II.     Analysis**

Plaintiff's amended complaint is incomprehensible. Despite running two-hundred-seventy pages in length, it makes clear neither his claims nor which defendants are alleged to have violated his rights. Plaintiff mentions, among other things, "cybercrimes" associated with the hacking of his cellphone, failure to provide him with HIV medication, and illegal blood draws. ECF No. 5 at 21, 26, 28. None of these allegations is adequately contextualized and, thus, the complaint is inadequate because it does not put any defendant on notice as to the claims against him or her. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required [by Rule 8(a)] are sufficient allegations to put defendants fairly on notice of the claims against them.").

Plaintiff may file an amended complaint that addresses these shortcomings. If he decides to do so, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file a completed application to proceed *in forma pauperis* or tender complete the filing fee.

2. Also within thirty days from the service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subjecting to a recommendation of dismissal for failure to state a claim.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form and an application to proceed *in forma pauperis* form.

1  IT IS SO ORDERED.

3  Dated: _____July 12, 2022_____   _____
   JEREMY D. PETERSON
   UNITED STATES MAGISTRATE JUDGE